Submitted on record and petition May 2, accused disbarred June 26, 1984

In re Complaint as to the Conduct of
CHARLES R. KELLNER,
*Accused.*

(Nos. 82-77; 82-78; 82-79; 82-98;
82-129; 83-9; 83-33; SC S30437)

683 P2d 89

D. Richard Hammersley, Portland, filed the petition for the Oregon State Bar.

No appearance contra.

## PER CURIAM

In this disciplinary proceeding brought by the Oregon State Bar, the accused was charged by an amended complaint with seven separate causes of complaint alleging multiple violations of the Code of Professional Responsibility. Personal service of the Complaint, the Amended Complaint, and Notice to Answer were made on the accused. He appeared in person and with counsel before the Trial Board, which found him in violation of seven sections of the Code of Professional Responsibility. The Trial Board ultimately recommended that the accused be permanently disbarred. The Disciplinary Review Board agreed with the findings of the Trial Board and, after finding the accused "neglected clients' business, was dishonest in his dealings with the court, his clients, and the Trial Board, commingled his funds with the clients' trust fund and used clients' funds * * * was guilty of dishonesty, fraud, deceit and misrepresentation," recommended that this court disbar the accused.

On petition by the bar, this matter is before this court on the record. We shall discuss only the most serious charges against the accused which, without considering the lesser charges, justify disbarment.

*Cause involving Bobbie Jean Carl*

From a review of the record, we find that prior to November 18, 1981, Bobbie Jean Carl retained the accused to represent her minor child in a personal injury claim. The matter was settled and an insurance draft was issued to the accused in the amount of $1,250 and deposited in the accused's trust account on the date it was received. The accused did not disburse any of that money to Bobbie Jean Carl, either personally or on account of her minor child, until almost a year later when he disbursed $200 to Bobbie Jean Carl. The accused never accounted to Mrs. Carl for the disposition of the balance of the $1,250 which was deposited in his trust account. We find the accused appropriated these funds to himself and is guilty of violating DR 1-102(A)(4), "a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." *See, In re Pierson*, 280 Or 513, 518, 571 P2d 907 (1977), in which a single conversion by a lawyer to his own use of his clients' funds resulted in permanent disbarment.

### Cause involving Marlin Leingang

We find that on July 24, 1981, the accused received and deposited into his clients' trust account on behalf of Marlin Leingang insurance settlement proceeds in the amount of $15,000. Although portions of the proceeds of the settlement were disbursed by the accused to the client, to others and to himself for attorney fees, he did not distribute the final $1,812 until October, 1982, well over one year from the date he received the funds in the account. The reasons for the delay were that the accused had allowed the balance in his trust account to fall to as low as $2.48, had appropriated the money in the account to himself, and was unable to disburse the funds to the client. Once again, on this charge the accused's conduct violated DR 1-102(A)(4).

### Other matters

In addition to the above, the accused was charged with issuing checks on his clients' trust account at times when the balance in the account would not cover the amount of checks written. These checks were returned by the accused's bank for insufficient funds. They included two checks made payable to the Multnomah County District Court for a client's bail money and a check for $490 made payable to the Professional Liability Fund for the accused's 1982 professional liability assessment. We find that this last check constituted an appropriation of moneys in his clients' trust account by the accused for his personal use. On this charge the accused is guilty of violating DR 1-102(A)(4).

The accused was also charged with five instances of neglecting a legal matter entrusted to him by a client in violation of DR 6-101(A)(3). Because of the seriousness of the previously described misconduct by the accused, we find it unnecessary to set out the details of these remaining charges. We agree with the findings of the Trial Board and the Disciplinary Review Board that the accused was guilty of four of these charges.

By clear and convincing evidence, the bar has proven the accused guilty of egregious violations of the Code of Professional Responsibility. Disbarment is overwhelmingly justified.

The accused is disbarred. The Oregon State Bar is awarded its actual and necessary costs and disbursements. ORS 9.536(4).